United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 11, 2004**

Charles R. Fulbruge III
Clerk

REVISED JANUARY 13, 2005

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-50608

_____

CHRISTY MCCARTHY, By and through her next friend Jamie
Travis; TODD GORDON, By and through his next friend Trisha
Gordon; ALLISON PRATT, By and through her next friend Paula
Pratt; GAIL TRUMAN, By and through her next friend Ken
Truman; JIM FLOYD, JR, By and through his next friend Jim
Floyd, Sr; SAM LINDSAY, By and through his next friend Betty
Lindsay; OSHEA BROOKS; JOE RAY COMACHO; MICHA CHASTAIN, By
and through his next friend Lori Chastain; AL, By and
through his next friend LL; ARC OF TEXAS, On behalf of its
members and for those similarly situated; SUE ANN ORTIZ;
PATRICK SOSTACK and SCOTT SOSTACK, By and through
their parents and next friends Gary and Lisa Sostack; SHYAN
FOROUGH, By and through his parents and next friends Reza
and Arzu Forough; DAVID ZWEIFEL, By and through his parents
and next friends Linda and Leroy Zweifel; ASHTON BOWLEN, By
and through her mother and next friend Patricia Bowlen;
TYLER BLANCHARD, By and through his mother and next friend
Faith Blanchard; GARRETT GILLARD, By and through his mother
and next friend Keeya Gillard; KAMERON LANE, By and through
his mother and next friend Angie Lane; MADISON POLK, By and
through her father and next friend John Polk; PAIGE SMITH,
By and through her mother and next friend Gretta Smith

Plaintiffs - Appellees

v.

ALBERT HAWKINS, Etc.; ET AL

Defendants

ALBERT HAWKINS, In his official capacity as Commissioner of
the Texas Health and Human Services Commission;
KAREN F HALE, In her official capacity as Commissioner of the
Texas Department of Mental Health & Mental Retardation;
JAMES R HINE, In his official capacity as Commissioner of
the Texas Department of Human Services

Defendants - Appellants

```
                  ---------------------
        Appeal from the United States District Court for the
                Western District of Texas, Austin
                  ---------------------
```

<u>ON PETITION FOR REHEARING EN BANC</u>

(Opinion 8/11/04, 5 Cir., _____, _____ F.3d _____)


Before KING, Chief Judge, and REAVLEY and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

(    )   Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. No member of the panel nor judge in regular active service of the court having requested that the court be polled on Rehearing En Banc (FED. R. APP. P. and 5TH CIR. R. 35), the Petition for Rehearing En Banc is DENIED.

( X )   Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is DENIED. The court having been polled at the request of one of the members of the court and a majority of the judges who are in regular active service not having voted in favor (FED. R. APP. P. and 5TH CIR. R. 35), the Petition for Rehearing En Banc is DENIED.


ENTERED FOR THE COURT:



 /s/Carolyn Dineen King
United States Circuit Judge

JERRY E. SMITH, Circuit Judge, with whom JOLLY, JONES, BARKSDALE, GARZA, CLEMENT, and PICKERING, Circuit Judges, join, dissenting from the denial of rehearing en banc:

Because the panel majority has given insufficient attention to this court's duty to enforce the Eleventh Amendment to the United States Constitution, I respectfully dissent. In the main, my reasons are the same as those that are cogently set forth in Judge Garza's dissent, 318 F.3d at 417-21, in which he shows that "a challenge to the constitutionality of a statute underlying a [suit under *Ex parte Young*, 209 U.S. 123 (1908),] is a proper subject of an Eleventh Amendment immunity analysis and that consideration of such a challenge is within the scope of an interlocutory appeal from the denial of a claim of Eleventh Amendment immunity," *id.* at 421.

If a state is sued pursuant to an unconstitutional statute, the Eleventh Amendment grants it immunity from suit, not just immunity from ultimate liability. Logically, the constitutional question must be addressed on interlocutory appeal if that immunity is to be properly recognized.

This is the same methodology the Supreme Court has required in qualified immunity appeals. In *Siegert v. Gilley*, 500 U.S. 226 (1991), the Court held that the first step in a determination of qualified immunity is whether there was a "violation of any constitutional right at all." *Id.* at 233. The Court emphasized

that the immunity at issue was an "*immunity from suit* rather than a mere defense to liability." *Id.* (citation and internal quotation marks omitted).

Immunity from suit applies equally in the Eleventh Amendment context. "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Id.* The panel majority concluded not only that it is undesirable for a court to review the constitutional issue on interlocutory appeal, but that a court of appeals has no *jurisdiction* to do so. That decision is extreme and flies in the face of the undeniable logic of *Siegert* and its progeny.

The Supreme Court has emphasized, as well, that "Eleventh Amendment immunity represents a real limitation on a federal court's federal question jurisdiction." *Idaho v. Coeur d'Alene Tribe*, 522 U.S. 261, 270 (1997). At least to the extent that the issue is jurisdictional, it should be examined at the first available opportunity. Thus, in the panel majority's jurisdictional analysis, its thrust should be not on the jurisdiction of a court of appeals to decide the constitutional question, but on whether the jurisdictional characteristics of Eleventh Amendment immunity require us to make the constitutional query on interlocutory appeal in order to give full, intended

4

force to the amendment.

It may be argued, as does the panel majority, that the foregoing analysis is undermined by the language the panel majority relies on from *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635 (2002). Even if *Verizon* is to be read as the panel majority interprets it, that reading must be reconciled with the overriding concerns underlying our and the Supreme Court's immunity methodology. Because the panel majority's approach calls into question this court's Eleventh Amendment immunity jurisprudence, the issue is enbancworthy, and the court's failure to grant en banc review is error. I therefore respectfully dissent.